Chmielewski *v.* Muraresku (et al., Appellant).

Argued November 25, 1968. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

William B. Freilich, with him Joseph G. Manta, and LaBrum & Doak, for appellant.

Martin Heller, with him Maximillian J. Klinger, for appellee.

OPINION BY MR. JUSTICE O'BRIEN, January 24, 1969:

The facts are set forth in the opinion of the court below, the Court of Common Pleas of Philadelphia County:

"The present action is a garnishment proceeding against Allstate Insurance Company arising out of a judgment entered against defendant, Muraresku, in the sum of Thirty-five Thousand Dollars ($35,000) for serious and permanent personal injuries sustained by plaintiff, Chmielewski, when he was struck by an automobile operated by defendant at Third Street and Fairmount Avenue in Philadelphia on December 15, 1962.

"Douglas Paschall and Emil (Sonny) Koch conducted an auto repair shop in partnership at 3721 N. 6th Street, Philadelphia. The name under which the partnership operated was Douglas Paschall and Emil Koch trading as Sonny and Doug.

"They purchased [in the name of the partnership] a Garage Liability Insurance Policy, number 89516596, for the purpose of covering the repair shop, from the garnishee, Allstate Insurance Company.

"Sonny and Doug acquired a 1956 Cadillac automobile which they desired to sell after it had been repaired. They intended to show the car to personal customers in order to sell it.

"Registration of the automobile was in the name of 'Paschall Brothers,' a name of a former business which Douglas Paschall conducted with his brother.

"On December 15, 1962, permission was given to one Muraresku to take the car out to show it to a

prospective customer. On the way back, Muraresku was involved in an automobile accident injuring the plaintiff, John M. Chmielewski. Chmielewski brought suit against Muraresku and recovered a verdict of $35,-000. Chmielewski then brought this action against Muraresku and Allstate, the garnishee, averring that at the time of the accident the car Muraresku was driving was insured under the Garage Keepers Liability Policy issued to Douglas Paschall and Emil Koch trading as Sonny and Doug.

"It is the plaintiff's contention that the automobile operated by the defendant was at the time of the accident covered by an insurance policy issued by the garnishee to the business entity with whose permission defendant was operating the automobile at the time of the accident. Allstate claims there was no coverage in the policy for the automobile."

The court in its adjudication found that the insurance policy issued by garnishee, Allstate, did provide coverage for the defendant, Muraresku. The court awarded the plaintiff a verdict of $35,000, plus interest and costs. The garnishee filed exceptions which were dismissed by the court en banc, and judgment was entered on the verdict.

The issue before us is really quite narrow: "What is the effect of the endorsement attached to the policy?" The policy itself provides coverage as follows:

"Insuring Agreements

"I. Coverage A—Bodily Injury Liability. To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury . . ., sustained by any person, caused by accident and arising out of the hazards hereinafter defined.

"Division 2— Premises— Operations— Automobiles Not Owned or Hired

"The ownership, maintenance or use of the premises for the purpose of an automobile repair shop, service station, storage garage or public parking place, and all operations necessary or incidental thereto; and the use in connection with the above defined operations of *any automobile not owned or hired by the named insured,* a partner therein or a member of the household of any such person." (Emphasis added). The policy language is thus clear that automobiles owned by the named insured are excluded from coverage under the policy. The evidence shows that the named insured, the partnership, was indeed the owner of the car involved here, although it was registered in the name of Paschall Brothers because Paschall Brothers had a motor vehicle dealer registration. The partnership purchased the vehicle as a partnership asset, shared expenses and control over the automobile, and split the profits upon sale. Clearly, the automobile was owned by the partnership.

Nonetheless, the court below held that the car was covered, relying on the endorsement attached to the policy on the date of its issuance. That endorsement, entitled "Partnership as Named Insured" provided in pertinent part: "It is agreed that the policy does not apply to: (1) Any automobile owned by or registered in the name of any partner who is a member of the partnership named insured. . . ." The court held that since the endorsement repeats the exclusion of vehicles owned by a partner, but fails to exclude vehicles owned by the partnership or by members of the partners' household, the endorsement is inconsistent with Division 2. That renders the contract ambiguous, and the court construed the ambiguity against the insurer, which drew the contract.

We cannot agree that the endorsement is inconsistent with Division 2. Division 2 says that automo-

biles owned by three entities are excluded from coverage. The endorsement says that automobiles *"owned by or registered in the name of"* one of those entities are excluded. (Emphasis added). We fail to see the inconsistency. The mere emphasizing of one exclusion does not mean that the other exclusions are no longer efficacious. Besides, the endorsement adds the feature that automobiles registered in the name of a partner are excluded. It is reading far too much into the endorsement to use such endorsement to abrogate the clear words of the policy.

The judgment of the court below is reversed.

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

I dissent from the majority's finding that the endorsement constitutes a "mere emphasizing of one exclusion." I believe that the court below correctly decided that the endorsement rendered the policy at the least ambiguous, and that the ambiguity should be interpreted against the insurer. I would thus affirm the court below.

Mr. Chief Justice BELL joins in this dissent.